FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 03, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN MICHAEL RAY DURHAM,<br><br>    Plaintiff,<br><br>    v.<br><br>LIBERTY PARK TERRACE PROPERTY; CLIFF BUTLER; TENETS OF APARTMENT #4; and SPOKANE POLICE DEPARTMENT,<br><br>    Defendants. | No. 2:25-CV-00043-SAB<br><br>**ORDER DENYING PRELIMINARY INJUNCTION** |

Before the Court are Plaintiff's Motion for Preliminary Injunction, ECF No. 11; Emergency Motion for Preliminary Injunction, ECF No. 12; and Pro Se Motion for Electronic Case Filing Authorization, ECF No. 16. Plaintiff is *pro se*. Defendants Liberty Park Terrace and Cliff Butler are represented by Matthew Daley. Defendant Spokane Police Department is represented by Lynden Smithson and Nathaniel Odle. The motions were considered without oral argument.

First, the Court **grants** Plaintiff's request to obtain electronic case filing authorization. Second, the Court **denies** Plaintiff's emergency motion for preliminary injunction.

## I.    MOTION STANDARD

Fed. R. Civ. P. 65(a) governs the issuance of a preliminary injunction. A

**ORDER DENYING PRELIMINARY INJUNCTION ~ 1**

movant seeking a preliminary injunction must satisfy the elements laid out in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). *See also E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 762 (9th Cir. 2018). "A preliminary injunction is a matter of equitable discretion and is 'an extraordinary remedy that may only be awarded upon a clear showing that a plaintiff is entitled to such relief.'" *California v. Azar*, 911 F.3d 558, 575 (9th Cir. 2018) (quoting *Winter*, 555 U.S. at 22).

A party can obtain a preliminary injunction by showing its motion satisfies all four elements of the *Winter* test: (1) the likelihood of success on the merits, (2) the party is likely to suffer irreparable harm in the absence of relief; (3) the balance of equities weigh in favor of the moving party; and (4) the injunction or restraining order is in the public interest. *See Winter*, 555 U.S. at 20.

## II.   BACKGROUND

Plaintiff filed his Complaint in the U.S. District Court for the Eastern District of Washington on February 3, 2025. He alleges (1) a violation of his rights to equal protection and due process by all Defendants and pursuant to 42 U.S.C. § 1983; (2) Defendant Spokane Police Department[1] acted negligently and in dereliction of its duty by not enforcing noise ordinances; and (3) Defendants Liberty Park Terrace and Cliff Butler violated his rights as a tenant by failing to manage the property and allowed continued harassment. He also claims a violation of his rights under the Fair Housing Act, 42 U.S.C. § 3601.

Plaintiff is a tenant in an apartment complex managed by Defendant Liberty Park Terrace and Mr. Butler. He alleges starting in November 2024 and running through February 2025, he reported numerous complaints of unlawful noise

---

[1] Plaintiff refers to both "Spokane Police Department" and "State of Washington Spokane County Police Department" in his Complaint. It is unclear which entity he intends to name as a Defendant.

**ORDER DENYING PRELIMINARY INJUNCTION ~ 2**

disturbances, harassment, and disorderly conduct by the tenants of Apartment 4. He claims the tenants engaged in loud banging, body slamming, and disruptive noises after 11:00 p.m. and in the early morning hours, which caused sleep deprivation, emotional distress, and medical complications.

Plaintiff alleges Liberty Park Terrace, Mr. Butler, and the Spokane Police Department or Spokane County Police refused to intervene. He further alleges Mr. Butler retaliated against him and mischaracterized incident reports, which has obstructed his efforts to obtain relief. He alleges the Spokane Police was derelict in its duty to protect his rights and enforce the statutory noise ordinances despite numerous crime check reports and calls. Plaintiff has temporarily relocated to a hotel to recover from surgery, which compounds his alleged financial hardship.

Mr. Butler also served Plaintiff with a 30-day Notice to Comply or Vacate on January 14, 2025, indicating Plaintiff breached his rental agreement and tenant obligations under Washington State law by harassing the tenants in Apartment 4. He was instructed to comply or vacate by February 15, 2025.

Plaintiff asserts damages for emotional distress, physical injury and health issues; financial losses; harm to his ability to care for his family and do his work; property damage; loss of peaceful enjoyment; and potential future harms. He seeks $2.4 million in damages; the eviction of the tenants in Apartment 4; an investigation into Mr. Butler and his suspension as property manager; a mandate to compel Spokane Police to enforce laws; and any additional relief deemed appropriate by the Court.

### III.    ANALYSIS

Plaintiff requests the Court issue an emergency preliminary injunction to stop Defendant Mr. Butler from further retaliating and discriminating against him and for harassment, and to remove Mr. Butler from his position as manager at his apartment complex. He also requested in his duplicative motion, ECF No. 11, that the Court halt any further acts of harassment, retaliation, or discrimination from all

**ORDER DENYING PRELIMINARY INJUNCTION ~ 3**

Defendants and stop any eviction proceedings against him; the Court incorporates those requests into this Order.

### A.    Likelihood of Success on the Merits

Plaintiff is not likely to succeed on the merits of his case. For his first claim and in his Complaint and subsequent filings, he failed to assert viable Equal Protection and Due Process claims.

The Equal Protection Clause of the Fourteenth Amendment ensures "no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citation omitted). A plaintiff asserting an equal protection claim must show the government treated similarly situated groups differently. *See Ariz. Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1064 (9th Cir. 2014). Here, Plaintiff has failed to allege facts showing he is in a class of persons the state is treating differently.

Further, the Due Process Clause of the Fourteenth Amendment states "nor shall any State deprive any person of life, liberty, or property, without due process of law." Plaintiff also has not alleged facts showing a Due Process violation. An allegation of police inaction is not a due process violation.

For his second claim of negligence against either the Spokane Police Department or "Spokane County Police Department," he has failed to articulate facts to show negligence under federal or state law. Under federal law, to assert a claim of municipal liability pursuant to 42 U.S.C. § 1983, a plaintiff must show the defendant's employees or agent acted according to a custom, policy, or pattern driven by the municipality and which violated the plaintiff's civil rights; the municipality can also have ratified the offending conduct. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690–91 (1978). "Deliberate conduct" must show the defendant municipality was the "moving force" for the injury. *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 404

**ORDER DENYING PRELIMINARY INJUNCTION ~ 4**

(1997). Plaintiff has not alleged facts to show such a custom, policy, or pattern existed in either police force.

Under Washington State law, Wash. Rev. Code § 4.96.010 governs liability for tortious conduct of local government entities. The state courts also recognize the common law approach to negligence, requiring a plaintiff show (1) duty, (2) breach, (3) causation, and (4) damages. *See Keller v. City of Spokane*, 146 Wash. 2d 237, 242 (2002) (en banc). Plaintiff has not clearly specified which governmental agency acted negligently; therefore, the Court cannot assess a legal liability for negligence.

Finally, for his third claim alleging a failure to manage the property and harassment by Liberty Park Terrace and Mr. Butler, Plaintiff appears to assert these are a violation of his rights under the Fair Housing Act, 42 U.S.C. § 3601. The Act prohibits discrimination in housing on the basis of race, color, religion, sex, national origin, familial status, or disability. Plaintiff has failed to allege facts showing Defendants discriminated against him on any of these bases, which makes this claim unlikely to succeed.

**B.    Remaining Factors**

Plaintiff is not likely to suffer irreparable harm, absent injunctive relief. He stated he has since moved to a hotel to recover from a surgery, away from the tenants he alleges caused the noise disturbance. Further, Mr. Butler gave him a notice to stop further harassment by Plaintiff against the tenants in Apartment 4 or face eviction. As such, the facts as alleged indicate eviction is avoidable.

The balance of equities do not weigh in favor of the moving party, Plaintiff, and an injunction does not benefit the public interest in Plaintiff's case because he is not likely to succeed on the merits.

Accordingly, **IT IS HEREBY ORDERED**:

1.    Plaintiff's Pro Se Motion for Electronic Case Filing Authorization, **ECF No. 16**, is **GRANTED**.

**ORDER DENYING PRELIMINARY INJUNCTION ~ 5**

    a. Plaintiff shall adhere to the Local Civil Rules for file formatting and processes, found at **https://www.waed.uscourts.gov/local-civil-rules-eastern-district-washington**.

    b. Plaintiff may contact the Clerk's Office at (509) 458-3400 if he wishes to schedule e-filing training.

    c. Plaintiff may file electronic documents in the above-captioned cause only.

    d. The Clerk's Office will terminate Plaintiff's ECF Registration should an attorney subsequently file a Notice of Appearance on Plaintiff's behalf.

2. Plaintiff's Motion for Preliminary Injunction, **ECF No. 11**, is **DISMISSED as moot**.

3. Plaintiff's Emergency Motion for Preliminary Injunction, **ECF No. 12**, is **DENIED**.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order and provide copies to *pro se* Plaintiff and counsel.

**DATED** this 3rd day of March 2025.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING PRELIMINARY INJUNCTION ~ 6**