FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 07, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN MICHAEL RAY DURHAM,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>LIBERTY PARK TERRACE PROPERTY; CLIFF BUTLER; TENETS OF APARTMENT #4; and SPOKANE POLICE DEPARTMENT,<br><br>　　　　Defendants. | No. 2:25-CV-00043-SAB<br><br>**ORDER GRANTING DEFENDANT SPOKANE POLICE DEPARTMENT'S MOTION TO DISMISS** |

Before the Court are Defendant Spokane Police Department's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim for Which Relief Can be Granted, ECF No. 17; Plaintiff's Motion for Temporary Restraining Order, ECF No. 24; and Plaintiff's Motion for Contempt and Sanctions, ECF No. 25. Plaintiff is *pro se* and proceeding *in forma pauperis*. Defendants Liberty Park Terrace and Cliff Butler are represented by Matthew Daley. Defendant Spokane Police Department is represented by Lynden Smithson and Nathaniel Odle. The motions were considered without oral argument.

Regarding the Motion to Dismiss and having reviewed the motion, caselaw, and Complaint, the Court **grants** Defendant Spokane Police Department's Motion

**ORDER GRANTING DEFENDANT SPOKANE POLICE DEPARTMENT'S MOTION TO DISMISS ~ 1**

and declines to exercise supplemental jurisdiction over the remaining state law claims.

Finally, the Court **dismisses as moot** Plaintiff's Motion for Temporary Restraining Order, ECF No. 24; and **denies** Plaintiff's Motion for Contempt and Sanctions, ECF No. 25.

### I. MOTION STANDARD

Under Fed. R. Civ. P. 12(b)(6), a complaint should not be dismissed unless it appears beyond doubt the plaintiff can prove no set of facts in support of their claim that would entitle them to relief. *See Hydranautics v. FilmTec Corp.*, 70 F.3d 533, 535–36 (9th Cir. 1995). On a motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party. *See Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).

Fed. R. Civ. P. 8(a)(2) requires that each claim in a pleading be supported by "a short and plain statement of the claim showing that the pleader is entitled to relief." To satisfy this requirement, a complaint must contain sufficient factual content "to state a claim to relief that is plausible on its face." *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 641 (9th Cir. 2014) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In evaluating whether a complaint states a plausible claim for relief, courts rely on "judicial experience and common sense" to determine whether the factual allegations, which are assumed to be true, "plausibly give rise to an entitlement to relief." *Id.* at 679. It is not enough that a claim for relief be merely "possible" or "conceivable;" but "plausible on its face." *Id.* at 662.

//

**ORDER GRANTING DEFENDANT SPOKANE POLICE DEPARTMENT'S MOTION TO DISMISS ~ 2**

## II.  BACKGROUND

Plaintiff filed his Complaint in the U.S. District Court for the Eastern District of Washington on February 3, 2025. He alleges (1) a violation of his rights to equal protection and due process by all Defendants and pursuant to 42 U.S.C. § 1983; (2) Defendant Spokane Police Department[1] acted negligently and in dereliction of its duty by not enforcing noise ordinances; and (3) Defendants Liberty Park Terrace and Cliff Butler violated his rights as a tenant by failing to manage the property and allowing continued harassment.

Plaintiff is a tenant in an apartment complex managed by Defendant Liberty Park Terrace and Mr. Butler. He alleges starting in November 2024 and running through February 2025, he reported numerous complaints of unlawful noise disturbances, harassment, and disorderly conduct by the tenants of Apartment 4. He claims the tenants engaged in loud banging, body slamming, and disruptive noises after 11:00 p.m. and in the early morning hours, which caused sleep deprivation, emotional distress, and medical complications.

Plaintiff alleges Liberty Park Terrace, Mr. Butler, and the Spokane Police Department or Spokane County Police refused to intervene. He further alleges Mr. Butler retaliated against him and mischaracterized incident reports, which has obstructed his efforts to obtain relief.

He alleges Spokane Police was derelict in its duty to protect his rights and enforce the statutory noise ordinances despite numerous crime check reports and calls. Further, he states Spokane Police engaged in a "[p]attern of negligence in allowing continued harassment, noise disturbances, and civil rights violations, disproportionately affecting Plaintiff."

---

[1] Plaintiff refers to both "Spokane Police Department" and "State of Washington Spokane County Police Department" in his Complaint. It is unclear which entity he intends to name as a Defendant.

**ORDER GRANTING DEFENDANT SPOKANE POLICE DEPARTMENT'S MOTION TO DISMISS ~ 3**

Plaintiff has temporarily relocated to a hotel to recover from surgery, which compounds his alleged financial hardship.

Mr. Butler also served Plaintiff with a 30-day Notice to Comply or Vacate on January 14, 2025, indicating Plaintiff breached his rental agreement and tenant obligations under Washington State law by harassing the tenants in Apartment 4. He was instructed to comply or vacate by February 15, 2025.

Plaintiff asserts damages for emotional distress, physical injury and health issues; financial losses; harm to his ability to care for his family and do his work; property damage; loss of peaceful enjoyment; and potential future harms. He seeks $2.4 million in damages; the eviction of the tenants in Apartment 4; an investigation into Mr. Butler and his suspension as property manager; a mandate to compel Spokane Police to enforce laws; and any additional relief deemed appropriate by the Court.

### III.    DEFENDANT SPOKANE POLICE'S MOTION TO DISMISS

**A.    Legal Standard**

To assert a claim of municipal liability under 42 U.S.C. § 1983, a plaintiff must show the defendant's employees or agent acted according to a custom, policy, or pattern driven by the municipality and which violated the plaintiff's civil rights; the municipality can also have ratified the offending conduct. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690–91 (1978). "Deliberate conduct" must show the defendant municipality was the "moving force" for the injury. *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 404 (1997).

Further, the conduct, custom, practice, or policy alleged must be so "persistent and widespread" to amount to a "permanent" or "well-settled" policy. *Monell*, 436 U.S. at 691 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167–68 (1970)). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration,

frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). Finally, "a municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691.

B.   Analysis

Defendant Spokane Police Department filed its Motion to Dismiss on February 26, 2025. Plaintiff did not file a response and more than 30 days have passed. The Court now considers the motion.

First, Plaintiff has failed to identify which entity allegedly violated his rights under the U.S. Constitution because he refers to both "Spokane Police Department" and "State of Washington Spokane County Police Department."

But even assuming he correctly identified the government agency that allegedly caused his harm, he has failed in his Complaint to state a cognizable *Monell* Claim for liability under 42 U.S.C. § 1983. Though he alleges Spokane Police engaged in a pattern of negligence, he does not elaborate on how such conduct was so "persistent and widespread" to amount to a "permanent" or "well-settled" policy. *Monell*, 436 U.S. at 691. Further, he does not include facts about how Spokane Police was the "moving force" behind this alleged pattern. *Bd. of Cty. Comm'rs of Bryan Cty., Okl.*, 520 U.S. at 404. As such, the Court **grants** Defendant Spokane Police's motion to dismiss.

Since the Court is dismissing the federal law claim, it now declines to exercise supplemental jurisdiction over the remaining state law claims. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (cautioning federal courts on exercising jurisdiction over state law claims if federal claims are dismissed). Therefore, the Court **dismisses** the remaining claims for lack of subject matter jurisdiction.

//

**ORDER GRANTING DEFENDANT SPOKANE POLICE DEPARTMENT'S MOTION TO DISMISS ~ 5**

## IV. PLAINTIFF'S MOTIONS

Plaintiff filed a Motion for Temporary Restraining Order, ECF No. 24, and Motion for Contempt and Sanctions, ECF No. 25.

First, the Court previously denied Plaintiff's Emergency Motion for a Preliminary Injunction, ECF No. 18, and further denied Plaintiff's Request for Leave to Appeal the Court's denial of a preliminary injunction, ECF No. 22, as it would not have been taken in good faith with no basis for a certificate of appealability, see 28 U.S.C. § 1915(a)(3). Since the Court is granting Defendant Spokane Police Department's Motion to Dismiss, the Court **dismisses** Plaintiff's renewed motion for temporary restraining order as moot.

Second, Plaintiff brings a motion for contempt and sanctions against Matthew Daley, counsel for Defendants Liberty Park Terrace and Cliff Butler. He claims Mr. Daley has refused to engage in discovery as required by Fed. R. Civ. P. 45, 33(b)(2), 34(b)(2), and 26(f).

Pursuant to Fed. R. Civ. P. 37(b), a court may impose sanctions for failure to obey a court order. However, the Court has yet to issue a scheduling order in this manner, pending resolution of the Motion to Dismiss. Mr. Daley has not violated any order of the Court or discovery obligations. Plaintiff's motion is **denied**.

## V. NO LEAVE TO AMEND

Under Fed. R. Civ. P. 15(a), a court should freely give leave to amend when justice so requires, either with the court's leave or as a matter of course. Unless it is absolutely clear that amendment would be futile, a *pro se* litigant must be given the opportunity to amend his complaint to correct any deficiencies. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).

Plaintiff has failed to present a viable *Monell* claim, did not request further amendment, and did not respond to Defendant's Motion, which demonstrates he has abandoned his claim. Thus, the Court **denies** Plaintiff leave to amend his Complaint because it is clear amendment would be futile.

**ORDER GRANTING DEFENDANT SPOKANE POLICE DEPARTMENT'S MOTION TO DISMISS** ~ 6

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant Spokane Police Department's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim for Which Relief Can be Granted, ECF No. 17, is **GRANTED**.

2. The Court declines to exercise supplemental jurisdiction over the remaining state law claims and dismisses those claims for lack of subject matter jurisdiction. *See United Mine Workers of Am.*, 383 U.S. at 726.

3. Plaintiff's Motion for Temporary Restraining Order, ECF No. 24, is **DISMISSED as moot**.

4. Plaintiff's Motion for Contempt and Sanctions, ECF No. 25, is **DENIED**.

5. Plaintiff's Complaint, ECF No. 1, is **DISMISSED with prejudice**.

6. The Clerk of Court is directed to enter judgment in favor of Defendants Spokane Police Department and against Plaintiff.

7. The Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith and there is no basis upon which to issue a certificate of appealability. A certificate of appealability is therefore **DENIED**.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order, provide copies to *pro se* Plaintiff and counsel, and **close** the file.

**DATED** this 7th day of April 2025.



Stanley A. Bastian
Chief United States District Judge

ORDER GRANTING DEFENDANT SPOKANE POLICE DEPARTMENT'S MOTION TO DISMISS ~ 7